UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. FISHER,

    Plaintiff,

v

WARDEN SCHWEITZER, *et al.*,

    Defendants

Case No. 1:16-cv-604

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983 against Defendants Warden Schweitzer and Institutional Inspector L. Austin, while he was still incarcerated at the Madison Correctional Institution ("MCI"). (*See* Doc. 1-1, Complaint at PageID 14). On July 6, 2016, the undersigned filed an Order and Report and Recommendation that permitted Plaintiff to proceed *in forma pauperis*, without payment of a filing fee. (Doc. 5). As reflected in that Report and Recommendation ("R&R"), the allegations in Plaintiff's complaint concerned events that occurred prior to his transfer to MCI in June of 2016, during an earlier period of incarceration at the Lebanon Correctional Institution ("LeCI").

Specifically, Plaintiff alleges that on March 1, 2016, he was involved in a fight with another inmate at LeCI. (Doc. 1, Complaint at PageID 17). Following the fight, Plaintiff indicates that he was moved to the C-block and told he would be moved to another institution. On May 15, 2016, plaintiff claims that defendant Warden Schweitzer told him "to be a man go to general pop and take his punishment like a

man." (*Id.*). He claims Schweitzer has coerced him on several occasions to return to the general population. Plaintiff alleges that Schweitzer stopped him from participating in or attending church, as "the warden's way of punishing the plaintiff [for] being assaulted in prison." (*Id.*). Plaintiff also complained that Defendant Austin refused him the right to appeal his grievances or answer kites that he has sent to her. (*Id.* at PageID 18).

Upon initial screening under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), the Court dismissed Plaintiff's claims against Defendant Austin but permitted Plaintiff's "[l]iberally construed….First Amendment claim against Warden Schweitzer" to proceed for allegedly violating Plaintiff's "right to the free exercise of religion." (Docs. 5, 7). Thereafter, the Court entered a pretrial calendar order that required the parties to complete discovery by May 1, 2017, with dispositive motions to be filed by July 31, 2017. (Doc. 12).

Following the close of discovery, on July 31, 2017, Defendant Warden Schweitzer moved for summary judgment under Rule 56, Fed. R. Civ. P. (Doc. 15). After the time for filing any response in opposition had expired, the undersigned directed Plaintiff to "show cause" by September 26, 2017 why the unopposed motion should not be granted for the reasons stated. Two days after the expiration of the Court's "show cause" deadline, Plaintiff moved for an extension of time to file his response in opposition, citing no reason other than his poverty. (Doc. 17). The Court granted Plaintiff's motion until October 20, 2017.

The day before that extended deadline, on October 19, 2017, Plaintiff moved

2

for a second extension of time to respond to the Defendant's dispositive motion, this time citing his imminent release from prison. (Doc. 19). On the same date, Plaintiff advised the Court of his new address. (Doc. 18). The Court again granted Plaintiff's request, reminding him of his obligation to keep the Court informed of any additional changes in his address and directing him to file his belated response by November 20, 2017.

When that deadline also came and went, the Court directed Plaintiff to "show cause" by December 28, 2017 for his failure to respond. In the Court's most recent order, the Court emphasized to Plaintiff that "**absent extreme good cause shown, no further extensions of time to respond will be granted**," and that a failure to comply with the order "will result in a Report and Recommendation to the District Judge that the pending motion be granted." (Doc. 21, emphasis original).

**II.    Analysis**

Plaintiff failed to comply with the Court's most recent "show cause" order. The Defendant's unopposed motion for summary judgment has now been pending for more than five months. The undersigned has reviewed that motion and finds it well-reasoned and well-supported.

Based upon the grounds advocated by the Defendant, he is entitled to judgment as a matter of law because Plaintiff initiated this lawsuit prior to awaiting a response to his grievance from the Chief Inspector, thereby failing to exhaust his administrative remedies as required under the Prison Litigation Reform Act. Additionally, the Defendant persuasively argues that Plaintiff cannot show that the

Defendant unnecessarily restricted his right to the free exercise of his religion, because the restriction of privileges to which Plaintiff was subjected while housed in C-block were reasonable and were not enforced to punish Plaintiff or coerce him, but to maintain his safety. The Defendant also has demonstrated that he is entitled to qualified immunity.

Last but not least, this case should be dismissed based upon Plaintiff's failure to file any timely response to the Court's "show cause" order, which amounts to a failure to prosecute. Plaintiff was explicitly warned in the Court's most recent order that the undersigned would recommend granting the Defendant's motion should Plaintiff again fail to file a written response.

### III. Conclusion and Recommendation

Accordingly **IT IS RECOMMENDED THAT** Defendant's motion for summary judgment (Doc. 15) be GRANTED for the reasons stated and alternatively, that judgment be entered in Defendant's favor with prejudice based upon Plaintiff's failure to prosecute, and that this case be CLOSED.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. FISHER,　　　　　　　　　　　Case No. 1:16-cv-604

　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　Black, J.
　v　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN SCHWEITZER, *et al.*,

　　　Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).